with this condition, to pay for each failure or neglect the sum of $1,000 liquidated damages. On March 22, 1920, the town served upon defendant a notice to lay a main along a portion of Bayview avenue, at Manhasset. On April 19, 1920, it served notice to lay a main on High street at Port Washington. On May 12, 1920, it served notice to lay a main on Fulton street at Westbury. None of these mains was laid within three months, and the town commenced this action under the provision above referred to, to recover for such failure on the part of the defendant.

*Charles S. Whitman, J. Edward Murphy* and *Jacob H. Goetz* for appellant.

*James L. Dowsey* and *Erastus J. Parsons* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and ANDREWS, JJ. Dissenting: McLAUGHLIN, J. CRANE, J., dissents as to the first cause of action on the ground that the order of the public service commission was improperly excluded. Absent: HISCOCK, Ch. J.

---

N. A. BERWIN & Co., INC., Appellant, *v.* HEWITT REALTY COMPANY, Respondent.

*Principal and agent — commissions — action to recover commissions for producing purchaser for real property of corporation — defense that officers entering into contract had no authority to sell property.*

*Berwin & Co. v. Hewitt Realty Co., 199 App. Div. 453, affirmed.*

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 15, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover commissions alleged to have been earned by plaintiff in procuring a purchaser for real property belonging to defendant, a corporation. It was proved that a contract for the sale of the premises was entered into by certain officers of defendant but the complaint was dismissed

upon the ground that no authority was shown in said officers either to sell the property or to make a contract for its sale and, therefore, they had no authority to employ plaintiff as broker to procure a purchaser.

*Milton Dammann* and *Maurice R. Roche* for appellant.
*Albert S. Wright* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ. Dissenting: CARDOZO and CRANE, JJ. Absent: HISCOCK, Ch. J.

---

LOUIS H. SOULE, Appellant, *v.* BON AMI COMPANY, Respondent.

*Contract — agreement to pay portion of prospective profits in consideration of the impartation of information as to method of obtaining increased profit on sale of manufactured article — failure to prove profits resulting from change of plan.*

*Soule* v. *Bon Ami Co.*, 201 App. Div. 794, affirmed.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered July 13, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. The plaintiff sought to recover the amount which he claimed was due him under a contract whereby the defendant, in consideration of the plaintiff's agreement to impart certain valuable information, to wit, a way or method of increasing the profits of the defendant's product, known as " Bon Ami," and the reason why this could be done without injuring defendant's trade, promised to pay to the plaintiff one-half of the profits accruing therefrom. The plaintiff claimed that he imparted this information; that he informed the defendant of a way or method by which such profits could be increased and that the defendant adopted the plan so suggested and put the same in operation and that thereby the defendant's profits were increased to the amount of