THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY MAIONE, Appellant.— On argument, judgment of conviction by a city magistrate sitting as a Court of Special Sessions modified by reducing the sentence of imprisonment to eight days (already served), and by imposing a fine of fifty dollars, to be paid within five days; in default of such payment the defendant shall be imprisoned for twenty days in the city prison. As so modified the judgment is unanimously affirmed. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SADAKO OTSUKA, Appellant, Impleaded with Another.— Judgment of conviction reversed on the law and the facts and a new trial granted. The guilt of the defendant was not established beyond a reasonable doubt. Appeals from orders unanimously dismissed. Lazansky, P. J., Kapper and Scudder, JJ., concur; Young and Tompkins, JJ., dissent from the reversal of the judgment of conviction and vote to affirm.

STANDARD OIL COMPANY OF NEW YORK, INC., Respondent, v. ALICE M. HOLBROW, Doing Business under the Firm Name and Style of the " FAMILY CREST," Appellant.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Young, Kapper, Hagarty, Tompkins and Davis, JJ.

FRANK H. TWYEFFORT and WARREN C. DUBOIS, Copartners Practicing the Profession of the Law under the Firm Name and Style of TWYEFFORT & DUBOIS, Respondents, v. UNEXCELLED MANUFACTURING COMPANY, INC., a Domestic Corporation, Appellant.— Judgment modified by reducing the recovery to the sum of $375, with interest, and as so modified unanimously affirmed, without costs. We are of opinion that there can be no recovery under the second cause of action for the reason that the services found to have been rendered the defendant corporation under an agreement made with the president were not usual in the course of the defendant corporation's business but were of an unusual and extraordinary nature, and the power to make the agreement was beyond the power of the president in the absence of proof of direct authorization by the corporation. (Trulock v. Kings County Iron Foundry, Inc., 216 App. Div. 439; Leary v. Albany Brewing Co., 77 id. 6; McCorry v. Wiarda & Co., 149 id. 863; Berwin & Co., Inc., v. Hewitt Realty Co., 199 id. 453; affd., 235 N. Y. 608.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ. Settle order on notice.

UKRA RESTAURANT CORPORATION, Respondent, v. PETER H. TRIHAS and GUST K. MIHALAKELIS, Appellants.— On argument, it appearing that an undertaking on the injunction has not been filed, the injunction is vacated and the appeal from the order granting the injunction pendente lite is dismissed, without costs. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.